1  PETER D. KEISLER
   Assistant Attorney General
2  Civil Divison

3  EUGENE M. THIROLF
   Director, Office of Consumer Litigation
4  ELIZABETH STEIN (VA Bar No. 15288)
   Attorney, Office of Consumer Litigation
5  950 Pennsylvania Avenue, N.W.
   Washington, DC 20530
6  (202) 307-0066 (telephone)
   (202) 514-8742 (facsimile)
7  Elizabeth.Stein2@usdoj.gov (email)
   Attorneys for the United States

8
                UNITED STATES DISTRICT COURT
9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 _____

11 UNITED STATES OF AMERICA,              )
                                          )   Civil Action No. _____
12        Plaintiff,                      )
                                          )
13        v.                              )   COMPLAINT FOR CIVIL
                                          )   PENALTIES AND INJUNCTIVE
14 JUMPSTART TECHNOLOGIES, LLC,           )   AND OTHER RELIEF
   a limited liability company,           )
15                                        )
                                          )
16        Defendant.                      )
   _____)

17

        Plaintiff, the United States of America, acting upon
18
   notification and authorization to the Attorney General by the
19
   Federal Trade Commission ("FTC" or "Commission"), for its
20
   complaint alleges that:
21
        1.   Plaintiff brings this action under Sections 5(a)(1),
22
   5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act

Complaint                                            Page 1

("FTC Act"), 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), and 56(a), and the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM"), 15 U.S.C.§ 7706(a), to obtain monetary civil penalties, and injunctive and other relief for Defendant's violations of CAN-SPAM, 15 U.S.C.§ 7701 et seq., and injunctive relief for Defendant's deceptive practices in violation of Section 5(a)(1) of the FTC Act, 15 U.S.C.§ 45(a)(1).

JURISDICTION AND VENUE

2.    This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355 and under 15 U.S.C. §§ 45(m)(1)(A), 53(b), 56(a), and § 7706(a).  This action arises under 15 U.S.C. § 45(a)(1).

3.    Venue in the Northern District of California is proper under 15 U.S.C. § 53(b) and under 28 U.S.C. §§ 1391(b)-(c) and 1395(a).

INTRADISTRICT ASSIGNMENT

4.    The events giving rise to the United States' claims occurred in substantial part in San Francisco County.

THE DEFENDANT

5.    Defendant Jumpstart Technologies, LLC ("Jumpstart") is a limited liability company registered in Delaware.  Jumpstart's principal office or place of business is located at One Market Plaza, 39th Floor, San Francisco, California 94105.  Jumpstart transacts business in the Northern District of California.

Complaint                                                        Page 2

COMMERCE

6.     At all times material to this complaint, Defendant's course of business, including the acts and practices alleged herein, has been and is in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

DEFENDANT'S BUSINESS PRACTICES

7.     Since July 2000, Defendant has advertised, offered for sale, sold, and distributed marketing information and advertising services to buyers throughout the United States.  Defendant transacts business on the Internet through a number of business lines or subsidiaries, including but not limited to, FreeFlixTix, Bonus Bonez, Harding Innovations LLC, Infinity Brands LLC, and Launchpad Services LLC.

8.     In the course of conducting its business, Defendant initiates commercial email messages to consumers, the primary purpose of which is the commercial advertisement or promotion of websites, such as FreeFlixTix.com.  The FreeFlixTix.com website serves as a vehicle to provide direct marketing opportunities for Defendant's advertising partners and to collect marketing information for the Defendant to sell to third parties.

9.     Through the FreeFlixTix website, Defendant collects personal information by offering to send free movie tickets to

consumers who, among other things, submit the email addresses of five or more of their friends. The website advertises in large black print: "Get 5 friends to sign up. Get a free movie ticket." Consumers are asked, in large black print: "Where should we send your free tickets?" and are asked to provide their full names, street addresses, birth dates, and email addresses. Beneath this form, another black bolded link appears, which is labeled, "Get Free Tickets." Directly above this link, in small white print, is the statement, "By signing up, I certify that I have read and accept your <u>Terms of Service</u>." Consumers who click on the Terms of Service link are taken to another web page which describes, among other things, the additional steps consumers must take before getting their free tickets. When consumers click on the "Get Free Tickets" link, they are taken to an online form where they are instructed to list the email addresses of ten of their friends. According to this page, if five of the friends sign up to become members of FreeFlixTix: "We'll send you free movie tickets!"

10. Once a consumer signs up for the promotion and submits the email addresses of ten friends, the Defendant initiates an email, to each of these friends. The "from" line of these emails contains the consumer's actual email address and make no

Complaint

1  reference to the Defendant.  Consequently, the emails appear to

2  have been transmitted directly from the consumer to each of

3  his/her friends ("recipients").  The Defendant includes personal

4  greetings in the subject lines of these email messages such as:

5  "hey," "Happy New Year," "Happy Valentine's Day," "Movie time.

6  Let's go.,"or "Invite."

7      11.  When recipients of these emails open the messages, they

8  contain a note purportedly from the referring friend.  For

9  example, email messages transmitted to addresses referred by a

10  consumer named "John" would appear as:  "Hey there!  Go here and

11  we'll both get free movie tickets!  - John"  A link to the

12  FreeFlixTix site follows this note.  If the recipients click on

13  this link, they will be asked to sign-up as a member of

14  FreeFlixTix.

15      12.  After transmitting these initial email messages, the

16  Defendant initiates at least six more "reminder" emails to the

17  referred email addresses, using the referring consumer's email

18  address in the "from" line.  These emails exhort the recipients

19  to become members of FreeFlixTix.  In addition, some of these

20  emails contain advertisements for other products or services

21  offered by Defendant's advertising partners.

22

Complaint                                                Page 5

13.   In many instances, subsequent email messages transmitted to referred email addresses bear subject headings which indicate that the referring consumer has procured free tickets for the recipient.  For example, one such email message transmitted by the Defendant reads as follows: "Subject: [John] has sent you complimentary movie tickets - Certificate #29936." In fact, no tickets have been sent, and the certificate number has no meaning.  This email simply directs the recipient to the FreeFlixTix website as described above.

14.   At the bottom of the email messages transmitted by the Defendant, a statement in small type reads: "This invitation was sent on behalf of your friend by FreeFlixTix, 110 Pacific Avenue Mall #172, San Francisco, CA 94111.  Go here to Manage your Mailing Preferences."  If consumers click on the "Mailing Preferences" link, they are directed to a web page describing the procedure for opting out of receiving further email solicitations from the Defendant.  For weeks after having attempted to use this opt-out procedure, however, many consumers continued to receive email messages from the Defendant.

15.   If five recipients sign up as new members of FreeFlixTix.com, the referring consumer is asked to complete an offer from one of the Defendant's advertising partners.  The

Complaint

1  consumer must sign up for a promotion by submitting his/her

2  credit card information to one of the Defendant's advertising

3  partners. Certain advertising partners require that the consumer

4  pay for the promotion being offered, while others make "free"

5  offers that must be cancelled at a later date to avoid a charge.

6  Approximately twelve weeks after the Defendant receives

7  confirmation from one of its partners that the consumer has

8  completed an offer and submitted a valid credit card number, the

9  consumer receives two certificates that are redeemable in movie

10 theaters.

11                    THE CAN-SPAM ACT

12      16.  The Controlling the Assault of Non-Solicited

13 Pornography and Marketing Act of 2003, ("CAN-SPAM") 15 U.S.C.

14 § 7701, et seq., became effective on January 1, 2004, and has

15 since remained in full force and effect.

16      17.  Section 3(2) of the CAN-SPAM Act, 15 U.S.C. § 7702(2),

17 defines "commercial electronic mail message" to mean, "any

18 electronic mail message the primary purpose of which is the

19 commercial advertisement or promotion of a commercial product or

20 service (including content on an Internet website operated for a

21 commercial purpose)."

22      18.  Section 3(8) of the CAN-SPAM Act, 15 U.S.C. § 7702(8),

1   defines "header information" to mean, "the source, destination,
2   and routing information attached to an electronic mail message,
3   including the originating domain name and originating electronic
4   mail address, and any other information that appears in the line
5   identifying, or purporting to identify, a person initiating the
6   message."

7        19.   Section 3(9) of the CAN-SPAM Act, 15 U.S.C. § 7702(9),
8   defines "initiate," when used with respect to a commercial email
9   message, to mean, "to originate or transmit such message or to
10  procure the origination or transmission of such message, but
11  shall not include actions that constitute routine conveyance of
12  such message.  For the purposes of this paragraph, more than one
13  person may be considered to have initiated a message."

14       20.   Section 3(12) of the CAN-SPAM Act, 15 U.S.C. §
15  7702(12), defines "procure," when used with respect to the
16  initiation of a commercial email message, to mean, "intentionally
17  to pay or provide other consideration to, or induce, another
18  person to initiate such a message on one's behalf."

19       21.   Section 3(13) of the CAN-SPAM Act, 15 U.S.C.
20  § 7702(13), defines "protected computer" by reference to 18
21  U.S.C. § 1030(e)(2)(B), which states that a protected computer is
22  "a computer which is used in interstate or foreign commerce or

Complaint                                                    Page 8

1  communication, including a computer located outside the United

2  States that is used in a manner that affects interstate or

3  foreign commerce or communication of the United States."

4      22.  Section 3(14) of the CAN-SPAM Act, 15 U.S.C. § 7702(14)

5  defines "recipient," when used with respect to a commercial email

6  message, to mean, "an authorized user of the electronic mail

7  address to which the message was sent or delivered."

8      23.  Section 3(16) of the CAN-SPAM Act, 15 U.S.C.

9  § 7702(16), defines "sender," when used with respect to a

10 commercial email message, to mean, "a person who initiates such a

11 message and whose product, service, or Internet web site is

12 advertised or promoted by the message."

13     24.  Section 5(a)(1) of CAN-SPAM states: "It is unlawful for

14 any person to initiate the transmission, to a protected computer,

15 of a commercial electronic mail message . . . that contains, or

16 is accompanied by, header information that is materially false or

17 materially misleading."   15 U.S.C. § 7704(a)(1).

18     25.  Section 5(a)(2) of CAN-SPAM states: "It is unlawful for

19 any person to initiate the transmission to a protected computer

20 of a commercial electronic mail message if such person has actual

21 knowledge, or knowledge fairly implied on the basis of objective

22 circumstances, that a subject heading of the message would be

1   likely to mislead a recipient, acting reasonably under the
2   circumstances, about a material fact regarding the contents or
3   subject matter of the message (consistent with the criteria used
4   in enforcement of section 5 of the Federal Trade Commission Act
5   (15 U.S.C. 45))."   15 U.S.C. § 7704(a)(2).

6       26.   Section 5(a)(4) of CAN-SPAM states: "If a recipient
7   makes a request using a mechanism provided pursuant to paragraph
8   (3) not to receive some or any commercial electronic mail
9   messages from such sender, then it is unlawful . . . for the
10  sender to initiate the transmission to the recipient, more than
11  10 business days after the receipt of such request, of a
12  commercial electronic mail message that falls within the scope of
13  the request . . . ."   15 U.S.C. § 7704(a)(4).

14      27.   Section 5(a)(5)(A) of CAN-SPAM states: "It is unlawful
15  for any person to initiate the transmission of any commercial
16  electronic mail message to a protected computer unless the
17  message provides - (i) clear and conspicuous identification that
18  the message is an advertisement or solicitation;(ii) clear and
19  conspicuous notice of the opportunity under [Section 5(a)(3)] to
20  decline to receive further commercial electronic mail messages
21  from the sender . . . . "   15 U.S.C. § 7704(a)(5)(A).

22

Complaint                                          Page 10

1    28. Section 7(a) of CAN-SPAM states: "[T]his Act shall be
2    enforced by the [FTC] as if the violation of this Act were an
3    unfair or deceptive act or practice proscribed under section
4    18(a)(1)(B) of the [FTC Act] (15 U.S.C. 57a(a)(1)(B))." 15
5    U.S.C. § 7706(a).

6    29. Pursuant to Section 18(d)(3) of the FTC Act, 15 U.S.C.
7    § 57(a)(d)(3), a violation of CAN-SPAM constitutes an unfair or
8    deceptive act or practice in violation of Section 5(a)(1) of the
9    FTC Act, 15 U.S.C. § 45(a)(1).

10                       VIOLATIONS OF CAN-SPAM

11                              COUNT I

12    30. In numerous instances, the Defendant has initiated the
13    transmission, to protected computers, of commercial email
14    messages that contained, or were accompanied by, header
15    information that is materially false or misleading. A recipient
16    of one of Defendant's emails viewing the "from" line would
17    reasonably believe that it contains a personal message from a
18    friend or colleague. Instead, the message contains a commercial
19    solicitation sent by the Defendant. As a result, recipients are
20    induced to open messages they otherwise would have deleted
21    without opening. In addition, Defendant's email messages bearing
22    the name of a friend or colleague likely to be in the recipient's

Complaint                                              Page 11

1  address book could evade software programs used to screen out

2  unsolicited commercial email.

3      31.  The Defendant's acts or practices, as described in

4  paragraph 29, violate 15 U.S.C. § 7704(a)(1).

5                              COUNT II

6      32.  In numerous instances, the Defendant has initiated the

7  transmission, to protected computers, of commercial email

8  messages that contained, or were accompanied by, a subject

9  heading that the Defendant knew, or had reason to know, would be

10  likely to mislead a recipient, acting reasonably under the

11  circumstances, about a material fact regarding the contents or

12  subject matter of the message.  According to Section 2(a)(8) of

13  CAN-SPAM: "Many senders of unsolicited commercial electronic mail

14  purposefully include misleading information in the messages'

15  subject lines in order to induce the recipients to view the

16  messages."  15 U.S.C. § 7701(a)(8).  A recipient of one of

17  Defendant's emails containing subject lines such as "Hiya,"

18  "Happy Valentine's Day," "Invite," or "[John] has sent you

19  complimentary movie tickets - Certificate #29936," would be

20  misled into opening it under the reasonable belief that the email

21  was personal rather than commercial in nature.  CAN-SPAM

22  prohibits using the subject line as an initial contact with

Complaint                                    Page 12

1  consumers to get their attention by misrepresenting the purpose
2  of the contact.

3      333. Defendant's acts or practices, as described in
4  paragraph 31, violate 15 U.S.C. §§ 7704(a)(2).

5

6                            COUNT III

7      34.  In numerous instances, Defendant has initiated the
8  transmission of commercial email messages to recipients more than
9  ten (10) business days after Defendant had received an opt-out
10 request from such recipients indicating that they decline to
11 receive further email messages from the Defendant.

12     35.  Defendant's acts or practices, as described in
13 paragraph 33, violate 15 U.S.C. § 7704(a)(4).

14                            COUNT IV

15     36.  In numerous instances, Defendant has initiated the
16 transmission of commercial email messages to protected computers
17 that fail to provide clear and conspicuous identification that
18 the message is an advertisement or solicitation. Defendant's
19 email messages have contained text which appeared to be personal
20 in nature.

21     37.  Defendant's acts or practices, as described in
22 paragraph 35, violate 15 U.S.C. § 7704(a)(5).

Complaint                                    Page 13

COUNT V

38.　In numerous instances, Defendant has initiated the transmission of commercial email messages to protected computers that fail to provide clear and conspicuous notice of the opportunity to decline to receive further email messages from the Defendant. The links labeled, "Mailing Preferences," "Visit the BonusBonez Mailings Manager" and "Why wait?  You can stop getting mail at any time," did not clearly inform consumers that they provided them with an opportunity to opt out of receiving further solicitation from the Defendant.

39.　Defendant's acts or practices, as described in paragraph 37, violate 15 U.S.C. § 7704(a)(5).

SECTION 5 OF THE FTC ACT

40.　Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), provides that "unfair or deceptive acts or practices in or affecting commerce are hereby declared unlawful."

VIOLATIONS OF SECTION 5 OF THE FTC ACT

COUNT VI

41.　In numerous advertisements, including email messages sent to consumers, such as Exhibits A and B, and on its FreeFlixTix website pages, such as Exhibits C and D, Defendant has represented, expressly or by implication, that:

Complaint                                            Page 14

A.  The recipient of the email is receiving a personal message sent directly from the consumer identified in the "from" line of the email.

B.  The subject of the message is a personal invitation from the consumer identified in the "from" line.

C.  The consumer whose first name appears at the end of the message wrote the text of the message.

D.  The consumer identified in the "from" line of the email has sent the recipient of the email complimentary movie tickets redeemable using the given certificate number.

E.  The promotion works as follows: "1) Sign up. 2) Tell Friends. 3) Get FREE tickets."

F.  The promotion works as follows: "Get 5 friends to sign up, GET A FREE MOVIE TICKET!"

G.  Defendant will, "send an email and reminder" to each of the consumer's friends.

42.  In truth and in fact:

A.  The recipient of the email is not receiving a personal message sent directly from the consumer identified in the "from" line of the email.

Complaint

1    Instead, the consumer is receiving an unsolicited

2    advertisement from the Defendant.

3    B.  The subject of the message is not a personal

4    invitation from the consumer identified in the

5    "from" line.  Instead, the subject of the email is

6    an unsolicited advertisement.

7    C.  The consumer whose first name appears at the end

8    of the message did not write the text of the

9    message.  The Defendant wrote the message.

10   D.  The consumer identified in the "from" line of the

11   email has not sent the recipient of the email

12   complimentary movie tickets redeemable using the

13   given certificate number.  The certificate number

14   is a meaningless fiction.

15   E.  The promotion does not work as follows: 1) Sign

16   up. 2) Tell Friends. 3) Get FREE tickets.  To

17   qualify for movie tickets: 1) Consumers must

18   submit the email addresses of ten of their

19   friends. 2) Defendant initiates six or more

20   commercial emails to each of these friends which

21   appear to have been sent and authored by the

22   consumers. 3) At least five of these friends must

1    sign up as members on the site. 4) The consumers

2    must sign up for a promotion offered by one of the

3    Defendant's advertising partners, which requires

4    the submission of credit card information, and in

5    some instances, payment.

6    F.  The promotion does not work as follows: "Get 5

7        friends to sign up, GET A FREE MOVIE TICKET!" As

8        described in part E of this paragraph, a consumer

9        must do more than get 5 friends to sign up in

10       order to receive a free movie ticket from the

11       Defendant.

12   G.  The Defendant does not send an email and a

13       reminder to each of the consumer's friends.

14       Instead, the Defendant initiates six or more

15       commercial email messages to each of the

16       consumer's friends.

17   43.  Therefore, Defendant's representations as set forth in

18   paragraph 40 above are false or misleading and constitute a

19   deceptive practice, and the making of false advertisements, in or

20   affecting commerce, in violation of Section 5(a) of the FTC Act,

21   15 U.S.C. § 45(a).

22                          CONSUMER INJURY

Complaint                                            Page 17

1    44.   Consumers in the United States have suffered and will

2   suffer injury as a result of Defendant's violations of CAN-SPAM

3   and the FTC Act.  Absent injunctive relief by this Court, the

4   Defendant is likely to continue to injure consumers and harm the

5   public interest.

6                  CIVIL PENALTIES AND INJUNCTIVE RELIEF

7    45.   The Defendant has violated CAN-SPAM as described above

8   with knowledge as set forth in Section 5(m)(1)(A) of the FTC Act,

9   15 U.S.C. § 45(m)(1)(A).

10   46.   Each commercial email message initiated by the

11  Defendant in which the Defendant has violated CAN-SPAM in one or

12  more of the ways described above constitutes a separate violation

13  for which plaintiff seeks monetary civil penalties.

14   47.   Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. §

15  45(m)(1)(A), as modified by Section 4 of the Federal Civil

16  Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, and

17  Section 1.98(d) of the FTC's Rules of Practice, 16 C.F.R.

18  § 1.98(d), authorizes this Court to award monetary civil

19  penalties of not more than $11,000 for each such violation of

20  CAN-SPAM.

21   48.   Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b),

22  this Court is authorized to issue a permanent injunction against

Complaint                                              Page 18

1  the Defendant's violating the FTC Act.

2                              PRAYER

3       WHEREFORE, plaintiff requests this Court, pursuant to 15

4  U.S.C. §§ 45(a)(1), 45(m)(1)(A), and 53(b), and to the Court's

5  own equitable powers to:

6       (1)  Enter judgment against the Defendant and in favor of

7            plaintiff for each violation alleged in this complaint;

8       (2)  Award plaintiff monetary civil penalties from the

9            Defendant for each violation of CAN-SPAM;

10      (3)  Permanently enjoin the Defendant from violating the FTC

11           Act and CAN-SPAM;

12      (4)  Award plaintiff such additional relief as the Court may

13           deem just and proper.

14

15      Dated: *March 21, 2006*        Respectfully submitted,

16

17

18  OF COUNSEL:                    FOR THE UNITED STATES OF AMERICA:

19  JEFFREY KLURFELD               PETER D. KEISLER
    Regional Director              Assistant Attorney General
20  Western Region                 Civil Division
    FEDERAL TRADE COMMISSION       U.S. DEPARTMENT OF JUSTICE
21

22


Complaint                                          Page 19

1

2   LINDA K. BADGER                    EUGENE M. THIROLF
    LISA D. ROSENTHAL                  Director
3   Attorneys                         Office of Consumer Litigation
    Federal Trade Commission
4   901 Market St., Ste. 570
    San Francisco, CA 94103
5   PHONE: (415)848-5100
    FAX:   (415)848-5142              _____
6   EMAIL: lbadger@ftc.gov            ELIZABETH STEIN
                                       Trial Attorney
7                                      Office of Consumer Litigation
                                       Civil Division
8                                      U.S. Department of Justice
                                       950 Pennsylvania Avenue, N.W.
9                                      Washington, DC  20530
                                       PHONE:   (202) 307-0066
10                                     FAX:     (202) 514-8742

11

12

13

14

15

16

17

18

19

20

21

22

Complaint                                              Page 20

# EXHIBIT A



MSN Home | My MSN | Hotmail | Shopping | Money | People & Chat        Web Search:

**msn Hotmail**

| Today | Mail | Calendar | Contacts |

Free Newsletters

| Reply | Reply All | Forward | X Delete | Block | Junk ▾ | Put in Folder ▾ | Print View | Save Add

| From : | Carina        <c····   ·@hotmail.com> |
| Sent : | Thursday, July 15, 2004 9:05 PM |
| To : | gwen        @hotmail.com |
| Subject : | invite |

Hello! Go here and we'll both get free movie tickets!

- carina

EXHIBIT A   (Browser view)

# EXHIBIT B

20040824 reinvite blast (yahoo and other)          reinvite                    2004082

**Test Tester has sent you complimentary movie tickets - Certificate #29932**

File   Edit   View   Tools   Message   Help

| | |
|---|---|
| **From:** | Test Tester |
| **Date:** | Wednesday, September 22, 2004 5:28 PM |
| **To:** | Test User |
| **Subject:** | Test Tester has sent you complimentary movie tickets - Certificate #29932 |

Hey! Go here and we'll both get free movie tickets!

- test

## Test Tester
Has invited you to get:

# Free Movie Tickets!

**Click Here!**

Brought to you by **freeflix TIX**

*This invitation was sent on behalf of your friend by FreeFlixTix. 116 Pacific Avenue Mail #172, San Francisco, CA 94111
Go here to Manage your Invitation Preferences.*

EXHIBIT B

EXHIBIT C



EXHIBIT C

# EXHIBIT D



EXHIBIT D